**Yanick BONHOMME–ARDOUIN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL, Immigration and Naturalization, Respondents.**

No. 02–12298.

United States Court of Appeals, Eleventh Circuit.

May 21, 2002.

---

David V. Bernal, Office of Immigration Litigation Station, Washington, DC, Jack Wallace, Miami, FL, for Respondents.

Before CARNES, BARKETT and WILSON, Circuit Judges.

BY THE COURT:

Petitioner's emergency motion for stay of deportation pending resolution of petition for review is DENIED.

BARKETT, Circuit Judge, concurring, in which WILSON, Circuit Judge, joins:

I concur in the order denying Bonhomme–Ardouin's emergency motion for stay of deportation because I find that she has not shown a likelihood of success on the merits of her appeal, which I believe is the proper standard to apply to this motion. *See, e.g., Andreiu v. Ashcroft,* 253 F.3d 477, 483 (9th Cir.2001) (*en banc*) (petitioner seeking temporary stay of deportation pending appeal must demonstrate "(1) a probability of success on the merits and the possibility of irreparable injury, or (2) that serious legal questions are raised and the balance of hardships tips sharply in the petitioner's favor"); *Sofinet v. INS,* 188 F.3d 703, 706 (7th Cir.1999) (to merit a temporary stay of deportation pending appeal, petitioner must demonstrate "(1) a likelihood of success on the merits; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the movant outweighs the harm to the opposing party if a stay is not granted; and (4) that the granting of the stay would serve the public interest"); *Bejjani v. INS,* 271 F.3d 670, 687–89 (6th Cir.2001) (same, citing *Andreiu* and *Sofinet* ).

In a published order denying a motion for temporary stay, a panel of this Court recently interpreted § 1252(f)(2) of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) to mean that this Court may not grant an alien's motion for a temporary stay of removal pending appeal of a final Board of Immigration Appeals' removal order unless the alien presents clear and convincing evidence that the removal order was prohibited as matter of law. *See Weng v. U.S. Attorney General,* 287 F.3d 1335 (11th Cir.2002).

In light of *Weng,* I believe this Court should consider *en banc* the issue of the appropriate standard of review for such a motion. In my judgment, *Weng* applied the wrong standard for a motion for temporary stay of deportation pending appeal. Section 1252(f)(2) states:

Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such an order is prohibited as a matter of law.

8 U.S.C. § 1252(f)(2). In a detailed analysis, the Ninth Circuit *en banc* explains that "as a matter of statutory construction, . . . the term 'enjoin,' in this context, is not equivalent to the term 'stay,' " *Andreiu* at 478, and that the proper standard on a motion for temporary stay is thus the traditional: "(1) a probability of success on the merits and the possibility of irreparable injury, or (2) that serious legal questions are raised and the balance of hardships tips sharply in the petitioner's favor." *Id.* at 483. *Andreiu* persuasively rejects the result in *Weng* because it

would limit the courts' ability to issue stays of deportation except when the petitioner has shown by "clear and convincing evidence" that the removal order is "prohibited as a matter of law." However, the courts of appeal review the legal determinations of the BIA de novo. . . . In any case raising legal is-

sues, INS's interpretation would require a more substantial showing for a stay of deportation than it would for a reversal on the merits. This would effectively require the automatic deportation of large numbers of people with meritorious claims, including every applicant who presented a case of first impression.

*Id.* at 482 (citation omitted). Moreover, *Andreiu* observes that the *Weng* standard

> would essentially duplicate the decision on the merits, requiring the petitioner to show a certainty of success. Such a standard would require full-scale briefing at the beginning of the appellate process, often before the petitioner has even received a copy of the administrative record. In those cases in which a motions panel grants the stay on the basis that the INS's order is clearly prohibited as a matter of law, the issue before the merits panel would be the same issue that a motions panel had previously resolved in favor of the petitioner. None of these results are at all sensible as a matter of judicial administration or of the detailed structure the statute establishes for review of BIA decisions.

*Id.*

Much for the same reasons, I believe that *Weng* applied the wrong standard, and that this matter is suitable for this Court's consideration *en banc.* However, I nonetheless concur in the Court's order today because I find that Bonhomme–Ardouin is not entitled to a temporary stay even under the correct standard.