

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-8-2004

# Douglas v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 04-1906

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Douglas v. Atty Gen USA" (2004). *2004 Decisions.* Paper 441.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/441

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT

———

No. 04-1906

———

HENSWORTH DOUGLAS,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY
GENERAL OF THE UNITED STATES
OF AMERICA,

Respondent

———

Petition for Review of an Order
of the Board of Immigration Appeals
(A40-387-915)

———

Sur Motion Submitted Under Third
Circuit LAR 34.1(a) May 19, 2004

Before: SLOVITER, McKEE, and
BECKER, Circuit Judges

(Filed:   July 8, 2004   )

———

OPINION OF THE COURT

SLOVITER, Circuit Judge.

The motion by the petitioner Hensworth Douglas for a stay of removal was routed to a motion panel of this court in accordance with our procedure. Douglas sought the stay of removal pending our final decision on his petition for review of the Board of Immigration Appeals' ("BIA") order denying his application for cancellation of removal under 8 U.S.C. § 1229b(a) and ordering his removal to Jamaica. Respondent, the Attorney General, has filed a motion to dismiss Douglas' petition for lack of subject matter jurisdiction. The central question before us on the merits is whether we may review a final order of the BIA based on two alternative legal grounds when we are without jurisdiction to review the order based on one of those grounds. This appeal also gives us the opportunity to set forth for the first time in a precedential opinion the standard that we follow in ruling on a motion for a stay of removal pending a decision on the Petition for Review.

**Background**

Douglas entered the United States with a valid visa in 1987. He received lawful permanent resident status sometime thereafter. Douglas was convicted under Delaware law in October 2002 for trafficking of cocaine. In June 2003, the Department of Homeland Security ("DHS") issued a Notice to Appear charging Douglas with being subject to

removal from the United States, pursuant to 8 U.S.C. § 1227 (a)(2)(A)(iii) and (a)(2)(B)(i), as an alien convicted of an "aggravated felony" as well as of certain controlled substance offenses. Douglas admitted to the Delaware conviction during a hearing before an Immigration Judge ("IJ"), who found Douglas to be an alien subject to removal under § 1227(a)(2)(B)(i). The IJ, however, ruled that § 1227(a)(2)(A)(iii) is inapplicable to Douglas on the ground that the underlying Delaware drug conviction did not constitute an "aggravated felony" based on our decision in Gerbier v. Holmes, 280 F.3d 297 (3d Cir. 2002). IJ's Op. at 1-2. Neither Douglas nor the DHS challenged these findings before the BIA or before us here.

The DHS subsequently amended the Notice to Appear, charging Douglas with being subject to removal, again pursuant to § 1227(a)(2)(A)(iii), as an alien convicted of the "aggravated felony" of "murder, rape, or sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A). This charge was based on Douglas' 1992 conviction under New York State Penal Law Section 130.20 for "sexual misconduct," a misdemeanor under New York state law.[1]

The IJ, in an oral decision dated November 20, 2003, found that Douglas' "sexual misconduct" conviction under New York state law did not constitute an "aggravated felony" under the Immigration and Naturalization Act ("INA"). Having determined that the Section 130.20 of the New York Penal Code is a divisible statute that covers both aggravated felony and non-aggravated felony offenses as defined by 8 U.S.C. § 1101(a)(43)(A), the IJ ruled that the DHS failed to establish through evidence that Douglas' conviction under Section 130.20 was pursuant to a portion of the section that qualifies as an "aggravated felony." IJ's Op. at 9-11. The IJ also rejected the DHS's contention that Douglas' "sexual misconduct" conviction qualifies as a crime of moral turpitude. IJ's Op. at 10-11. Having thus

---

[1] New York State Penal Law Section 130.20, at the time of Douglas' conviction, states:

A person is guilty of sexual misconduct when:

1. He or she engages in sexual intercourse with another person without such person's consent; or
2. He or she engages in deviate sexual intercourse with another person without such person's consent; or
3. He or she engages in sexual conduct with an animal or a dead human body.

Sexual misconduct is a class A misdemeanor.

N.Y. Penal Law § 130.20 (McKinney 1992).

2

determined that Douglas has not committed an "aggravated felony," the IJ ruled that Douglas was eligible to apply for cancellation of removal under 8 U.S.C. § 1229b(a).[2] The IJ then granted the application for cancellation of removal after she balanced the hardship to Douglas and his family members against his criminal history.

On appeal, the BIA vacated the IJ's decision regarding the "aggravated felony" charge and ordered Douglas' removal from the United States. The BIA ruled that Douglas' 1992 "sexual misconduct" conviction qualified as an "aggravated felony" based on the charging instrument from that conviction, as submitted by the

DHS, which reflected that Douglas engaged in "nonconsensual sexual intercourse with a 14-year-old female" victim. BIA's Op. at 2. It found that because this description of Douglas' offense fulfilled the necessary elements for "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A), as defined by the BIA's decision in Matter of Rodriguez-Rodriguez, 22 I. & N. Dec. 991 (BIA 1999), Douglas' conviction falls within the portion of New York Penal Law Section 130.20 that qualified as an "aggravated felony" under the INA, which rendered Douglas ineligible for cancellation of removal under 8 U.S.C. § 1229b(a).[3] The BIA therefore ruled that Douglas' "applications for relief from removal are pretermitted and [Douglas] is ordered removed to Jamaica." BIA's Op. at 3.

Douglas filed his petition for review on April 2, 2004, challenging only the BIA's ruling with respect to the "aggravated felony" issue. He thereafter filed an emergency motion on May 4, 2004 to stay his removal pending our review of his petition. The Attorney General responded with a motion to dismiss Douglas' petition based on our lack of jurisdiction under 8 U.S.C. §

---

[2]   8 U.S.C. § 1229b(a) states:
(a) Cancellation of removal for certain permanent residents.
The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien –
(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
(2) has resided in the United States continuously for 7 years after having been admitted in any status, and
(3) has not been convicted of any aggravated felony.

[3]   The BIA also found that Douglas' 2002 Delaware controlled substance conviction "render[ed] him ineligible for a waiver under former section 212(c) of the [INA], 8 U.S.C. § 1182(c), despite INS v. St. Cyr, 533 U.S. 289 (2001) . . . ." Douglas raises no issue with respect to that portion of the BIA's decision.

3

1252(a)(2)(C),[4] to review the BIA's order of removal against Douglas due to the IJ's finding that Douglas' Delaware drug offense conviction qualified as a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i). We granted Douglas' motion to stay removal so that we would have an opportunity to consider the legal issue with respect to our jurisdiction, but we will now dismiss Douglas' petition for review for lack of subject matter jurisdiction.

**Discussion**

A.    Douglas' Motion for Stay of Removal

As we noted above, we have not previously addressed the standard of review for assessing a motion to stay removal of an alien pending judicial review. Most courts of appeals, however, have applied the standard for granting a

_____

[4]    8 U.S.C. § 1252(a)(2)(C) states: Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title . . . .

preliminary injunction in examining requests for a stay of removal. Under the preliminary injunction standard, a petitioner requesting a stay of removal must demonstrate (1) a likelihood of success on the merits of the underlying petition; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the moving party outweighs the harm to the opposing party if a stay is not granted; and (4) that the granting of the stay would serve the public interest. Arevalo v. Ashcroft, 344 F.3d 1, 7-8 (1st Cir. 2003); Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002); Bejjani v. INS, 271 F.3d 670, 688-89 (6th Cir. 2001). The Ninth Circuit applies a two-pronged standard of review that provides that a stay of removal should be granted when an alien shows "either (1) a probability of success on the merits and the possibility of irreparable injury, or (2) that serious legal questions are raised and the balance of hardships tips sharply in the petitioner's favor." Andreiu v. Ashcroft, 253 F.3d 477, 483 (9th Cir. 2001) (en banc) (quoting Abbassi v. INS, 143 F.3d 513, 514 (9th Cir. 1998)). This standard collapses the traditional four-prong test. For the sake of providing both linguistic and analytic clarity, we adhere to the traditional four-part framework for the preliminary injunction standard.

The Court of Appeals for the Eleventh Circuit, however, applies a more stringent standard that requires petitioners to produce "clear and convincing evidence" that the execution of the removal order is prohibited by law. Weng

4

v. United States Att'y Gen., 287 F.3d 1335, 1337 (11th Cir. 2002). That court based its holding on the language of 8 U.S.C. § 1252(f)(2), which prohibits courts from enjoining the removal of any alien pursuant to a final order "unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law." Weng, 287 F.3d at 1338. But see Bonhomme-Ardouin v. United States Att'y Gen., 291 F.3d 1289, 1290-91 (11th Cir. 2002) (Barkett, J., joined by Wilson, J., concurring) (stating that "Weng applied the wrong standard for a motion for temporary stay of deportation pending appeal" and urging the court to reconsider the issue en banc). See generally Kenyeres v. Ashcroft, 538 U.S. 1301, 1303-05 (2003) (discussing differing standards applied by various Courts of Appeals but declining to decide the issue).

We now join the First, Second, and Sixth Circuits in holding that the proper standard of review for motions to stay removal is the traditional four-part test used for adjudicating motions for preliminary injunction, as we set forth above. The opinions in Mohammed, 309 F.3d at 99-100, and in Arevalo, 344 F.3d at 7-9, both set forth clear multi-level analyses of why 8 U.S.C. § 1252(f)(2) applies only to permanent prohibitions of removal and not to motions to stay the execution of a removal order, and we are persuaded by the reasoning in those opinions to reject the Eleventh Circuit's "clear and convincing evidence" requirement. We also agree with the Ninth

Circuit that the "clear and convincing evidence" standard is inapplicable to motions to stay removal pending judicial review of the underlying petition. See Andreiu, 253 F.3d at 480-83. As 8 U.S.C. § 1252(b)(3)(B), which in effect requires petitioners subject to a removal order to affirmatively seek a stay of removal from the reviewing court, provides no standard for reviewing such motions to stay removal, we will apply the traditional standard for reviewing a motion to stay an administrative agency order pending judicial review of the underlying petition or appeal – the preliminary injunction standard.[5]

B.     Douglas' Petition for Review and the Attorney General's Motion to Dismiss for Lack of Jurisdiction

In the usual case, we would turn to application of the four-part test for a stay

---

[5]     We realize that the threshold for meeting the "likelihood of success on the merits" requirement is somewhat vague and open to various interpretations. Were we to reach the issue in this case, it would be relevant that the IJ and the BIA differed in their rulings with respect to Douglas' 1992 sexual misconduct conviction as an aggravated felony, and this court had not previously reviewed this issue. In view of our decision on jurisdiction, this is not the appropriate case to analyze that issue.

5

of removal discussed above, starting with Douglas' likelihood of success on his petition for review of the BIA's ruling on the aggravated felony issue. Here, however, we must first address the Attorney General's motion to dismiss Douglas' petition due to lack of subject matter jurisdiction because each court must first satisfy itself of its own jurisdiction. United States v. Touby, 909 F.2d 759, 763 (3d Cir. 1990).

The BIA vacated only the portion of the IJ's decision holding that Douglas' 1992 New York sexual misconduct conviction was not an "aggravated felony" and that Douglas was therefore eligible for cancellation of removal; the BIA did not review the IJ's decision regarding Douglas' 2002 Delaware controlled substance conviction, which also rendered Douglas subject to removal under the INA. Douglas, in fact, did not challenge before the BIA or here the IJ's finding that he is removable from the United States on the ground of his Delaware drug conviction. Undoubtedly, Douglas follows that course because he would be qualified to seek the discretionary relief of cancellation of removal if he is found removable only on the controlled substance conviction but not if he has a prior conviction that qualifies as an "aggravated felony." 8 U.S.C. § 1229b(a). The scope of our review, therefore, includes both the BIA's decision and the portion of the IJ's decision that was left unchallenged in front of the BIA. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004).

The Attorney General contends that

under 8 U.S.C. § 1252(a)(2)(C), we have no jurisdiction to review Douglas' petition for review because of Douglas' controlled substance conviction, even though Douglas' petition challenges only the BIA's determination that the 1992 "sexual misconduct" conviction qualifies as an "aggravated felony" under the INA. However, we have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and (b) "to determine our jurisdiction under [8 U.S.C.] § 1252(a)(2)(C)." Drakes v. Zimski, 240 F.3d 246, 247 (3d Cir. 2001).

We have previously noted the jurisdictional question of reviewing one of two alternative reasons supporting a final order of removal when the other reason, which is not challenged by the petitioning party, deprives us of jurisdiction to review the same order of removal. In Nugent v. Ashcroft, 367 F.3d 162 (3d Cir. 2004), we framed the question in the following manner: "If we do not have jurisdiction to review the order based on one of the reasons . . . what authority do we have to review another reason supporting the order . . . ?" Id. at 166-67. We did not have to address that question in Nugent, however, because the petitioner in that case had also filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging the BIA's ruling on the same grounds as that in his original petition for review in a petition. The subsequent consolidation of the original petition for review and the habeas corpus petition allowed us to address the merit of Nugent's argument in our review of the habeas corpus petition. Because Douglas has not filed a habeas

6

corpus petition addressing the same argument he has presented in his petition for review here, the jurisdictional argument is now properly before us.

Section 1252(a)(2)(C) provides that no court has jurisdiction to review "any final order of removal" against an alien who is found removable for having committed a criminal offense covered by, among others, 8 U.S.C. § 1227(a)(2)(B). The plain language of section 1252(a)(2)(C) deprives us of jurisdiction to review a final removal "order" from the BIA rather than the ground on which the removal order was based. This is consistent with the INA's overall structure of allowing for "[j]udicial review of a final order of removal," 8 U.S.C. § 1252(a)(1), rather than particular reasons supporting such order. See also § 1252(b), (d), (g). Indeed, if we reject the BIA's determination that Douglas' 1992 conviction of sexual misconduct qualifies as an "aggravated felony," the BIA's final order of removal remains intact based on Douglas' 2002 drug conviction; the BIA's order of removal stands on the independent basis of the other reason which is not subject to judicial review under the INA. Therefore Douglas, having conceded his removability from the United States based on the 2002 conviction, does not actually petition us to review a "final order of removal" which is, based on his concession, not subject to judicial review.[6]

We therefore hold that we have no jurisdiction to review the BIA's order of removal under 8 U.S.C. § 1252(a)(2)(C)

the same jurisdictional issue. It also concluded that it had no jurisdiction to review an alien's petition to review a final order of removal based on the alien's uncontested controlled substance convictions, reasoning:

> Although the order of removal cites two bases for removal – i.e., Flores's 1991 and 1996 marijuana convictions and Flores's 1972 burglary conviction – there is only one "order" to be reviewed. Once we determine that the order of removal before us is based independently on Flores's controlled substance offenses covered by 8 U.S.C. § 1227(a)(2)(B), the jurisdiction-stripping provisions of § 1252 clearly apply, and it does not matter for the purposes of determining the scope of our jurisdiction under § 1252(a)(2)(C) that the order of removal is also based on an aggravated felony conviction that Flores argues is not actually covered by 8 U.S.C. § 1227(a)(2)(A)(iii).

Id. (emphasis in original).

---

[6]    In Flores-Garza v. INS, 328 F.3d 797, 802 (5th Cir. 2003), the Court of Appeals in the Fifth Circuit confronted

7

based on his 2002 Delaware controlled substance conviction, and we will grant the Attorney General's motion to dismiss. We emphasize, however, that our decision does not foreclose Douglas of the opportunity to seek judicial review of the substantive arguments contained in his petition for review through a petition for habeas corpus filed in an appropriate district court pursuant to 28 U.S.C. § 2241. See Nugent, 367 F.3d at 166-67. In light of our decision, we will vacate the stay of removal that we entered as an expediency so that we could consider the jurisdictional issue raised by the Attorney General.

### Conclusion

For the foregoing reason, we will grant the Attorney General's motion to dismiss for lack of jurisdiction and dismiss Douglas' petition for review.