

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2005

# Simmonds v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4105

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Simmonds v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1415.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1415

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4105

HORACE SIMMONDS,

Petitioner
v.
Attorney General of the United States,

Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A34-062-736

Submitted Under Third Circuit LAR 34.1(a):
January 10, 2005

Before:  ROTH and CHERTOFF*, Circuit Judges, and
RESTANI**, Chief Judge, United States Court of International Trade

(Filed:   March 30, 2005)

OPINION

---

*This case was submitted to the panel of judges Roth, Chertoff, and Restani.  Judge Chertoff resigned after submission, but before the filing of the opinion.  The decision is filed by a quorum of the panel.  28 U.S.C. § 46(d).

**Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

RESTANI, <u>Judge</u>.

Petitioner Horace Simmonds seeks review of a final order of removal by the Board of
Immigration Appeals ("BIA"), affirming without opinion the order of the immigration judge
("IJ") denying petitioner's eligibility for discretionary relief from removal. In the alternative,
Simmonds appeals the district court's order rejecting his petition for habeas corpus relief. We
dismiss Simmonds' petition for direct review of the BIA's order and his appeal of the district
court's order, for lack of jurisdiction.

## BACKGROUND

Horace Simmonds is a native of Jamaica, who has lived in the United States as a lawful,
permanent resident since November 5, 1974. On May 18, 1984, Simmonds was convicted of
attempted robbery in the second degree in violation of N.Y. Penal Law §§ 110, 160.10 (2004).
On September 7, 2000, Simmonds was convicted of criminal possession of a controlled
substance in the fourth degree in violation of N.Y. Penal Law § 220.09 (2004).

Based upon these convictions, the Immigration and Naturalization Service ("INS")
commenced removal proceedings against Simmonds on January 14, 2003, by issuance of a notice
to appear, charging Simmonds with being subject to removal from the United States pursuant to
8 U.S.C. § 1227(a)(2)(A)(iii) (2004), as an alien convicted of an aggravated felony, and 8 U.S.C.
§ 1227(a)(2)(B)(i), as an alien convicted of a controlled substance offense. During an initial
hearing on March 26, 2003, Simmonds admitted the convictions and conceded that he was
removable. Simmonds sought the following discretionary relief: (1) cancellation of removal for
certain permanent residents pursuant to Section 240A(a) of the Immigration and Nationality Act

2

("INA"), 8 U.S.C. § 1229b(a) (2002), and (2) waiver of inadmissibility pursuant to Section 212(c) of the INA, 8 U.S.C. § 1182(c) (1994) (repealed 1996).

On June 6, 2003, the IJ denied Simmonds' requested discretionary relief pursuant to sections 212(c) and 240A(a) because he had been convicted of attempted robbery in the second degree, an aggravated felony under New York State Law. On September 26, 2003, the BIA affirmed without opinion. Subsequently, Simmonds filed a timely petition for direct review with this court and a timely petition for habeas corpus relief with the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 2242 (2000), arguing that the IJ improperly denied him relief under sections 212(c) and 240A(a). On December 19, 2003, the district court denied Simmonds' request for a writ of habeas corpus.[1] Simmonds v. Ashcroft, No. 03-4933 (D.N.J. March 25, 2004). On appeal to this court, Simmonds asserts, initially, that the court has jurisdiction to consider his petition for direct review of the BIA removal order. In the alternative, Simmonds requests that his petition for direct review be deemed an appeal of the district court's denial of his petition for habeas corpus relief.

## DISCUSSION

**I.      The court does not have jurisdiction to review the BIA's order of removal.**

On September 30, 1996, Congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub L. No. 104-208, § 304(b), 110 Stat. 3009-546, 3597 (1996) ("IIRIRA"), which divested this court of jurisdiction to consider any final order of removal against an alien who is removable by reason of a conviction of certain enumerated offenses,

---

[1] Simmonds asserts that he did not receive a copy of the habeas denial until March 25, 2004, because he was transferred to a new facility on December 17, 2003 and then deported to Jamaica on December 24, 2003.

including controlled substance convictions covered by 8 U.S.C. § 1227(a)(2)(B),[2] and aggravated felony convictions covered by 8 U.S.C. § 1227(a)(2)(A)(iii)[3]. See 8 U.S.C. § 1252(a)( 2)(C). Respondent asserts that the court does not have jurisdiction to review the BIA's order of removal because Simmonds was convicted of (1) criminal possession of a controlled substance in the fourth degree in 2000, and (2) attempted robbery in the second degree in 1984.

Simmonds argues that the court has jurisdiction to consider his petition for review because his 1984 attempted robbery conviction cannot be considered an aggravated felony under 8 U.S.C. § 1252(a)(2)(C) . This court has jurisdiction to decide whether an enumerated felony that limits its jurisdiction has been committed. See Douglas v. Ashcroft, 374 F.3d 230, 235 (3d Cir. 2004) ("we have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and (b) 'to determine our jurisdiction under 8 U.S.C. § 1252(a)(2)(C).'") (quoting Drakes v. Zimski, 240 F.3d 246, 247 (3d Cir. 2001)). Where a criminal statute facially fits the INA's classification for removal, the court has no jurisdiction to review the removal determination. Drakes, 240 F.3d at 248 ("To go beyond the offense as charged and scrutinize the underlying facts would change our inquiry from a jurisdictional one into a full consideration of the merits.") (quoting Hall v. INS, 167 F.3d 852,

---

[2] Pursuant to 8 U.S.C. § 1227(a)(2)(B)(i), "[a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable."

[3] Pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." The definition of "aggravated felony" includes, "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C.A. § 1101(a)(43)(G) (2000).

856 (4th Cir. 1999).

Here, Simmonds fails to challenge respondent's assertion that the court may not review the immigration judge's order of removal by reason of petitioner's controlled substance conviction.[4]  Simmonds concedes that he was convicted of criminal possession in the fourth degree under New York State Law, and the crime facially fits the INA's removal classification for an offense covered by 8 U.S.C. § 1227(a)(2)(B).   Therefore, we hold that, pursuant to 8 U.S.C. § 1252(a)(2)(C), we have no jurisdiction to review the BIA's order of removal based on Simmonds' controlled substance conviction under New York State Law in 2000.

## II.    The court denies Simmonds' appeal from the district court's denial of his petition for habeas corpus relief.

Next, Simmonds requests that the court, pursuant to 28 U.S.C. § 1631, convert his direct petition for review to an appeal from the December 19, 2003, judgment of the United States District Court for the Eastern District of Pennsylvania denying his petition for habeas corpus relief.  Under § 1631, "Transfer to cure want of jurisdiction,"

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added).  This court does not have jurisdiction stemming from

___

[4] Simmonds challenges respondent's assertion that this court is precluded from reviewing the immigration judge's order of removal by reason of Simmonds' attempted robbery conviction. The court does not address this argument because Simmonds' controlled substance conviction serves as an independent basis precluding review of the BIA's final order.

Simmonds' purported § 1631 transfer because the purported transferor district court did not lack jurisdiction to consider Simmonds' petition for habeas corpus relief. See F.D.I.C. v. Kahlil Zoom-In Markets, Inc., 978 F.2d 183, 185 (5th Cir. 1992) ("By its very terms, [ § 1631 ] may be utilized only for a transfer from a court that lacks jurisdiction."). Here, the district court exercised its jurisdiction pursuant 28 U.S.C. § 2241, which states that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." Even though § 1252(a)(2)(C) divested this court of jurisdiction to directly review the BIA's final order of removal, the Supreme Court has held that habeas jurisdiction under § 2241 was not repealed by the IIRIRA. See INS v. St. Cyr, 533 U.S. 289, 314 (2001). Therefore, Simmonds may not use § 1631 to garner consideration of his appeal.

Neither may the court consider Simmonds' request to be a notice of appeal from the district court judgment. Under Federal Rule of Appellate Procedure 4(a), a notice of appeal must be filed with the district clerk within 30 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a). Compliance with the rule is mandatory, and failure to comply necessarily results in dismissal for lack of jurisdiction. West v. Keve, 721 F.2d 91, 97 (3d Cir. 1983). Here, Simmonds failed to file a notice of appeal within 30 days of the December 19, 2003, judgment. On June 15, 2004, he requested, for the first time, that the court convert his direct appeal of the BIA order to an appeal of the district court's denial of his petition for a writ of habeas corpus. Answer to Respondent's Motion to Dismiss for Lack of Jurisdiction at 1-2, Simmonds v. Ashcroft (No. 03-4105). Therefore, Simmonds missed the mandatory filing deadline, and this court must dismiss his appeal for lack of jurisdiction.

**CONCLUSION**

For the reasons set forth, the petition for review of the BIA's final order of removal is dismissed and the appeal of the district court's judgment is dismissed.