

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2005

# Yang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1682

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Yang v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1190.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1190

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1682

———

DING MING YANG

Petitioner

v.

ALBERTO GONZALES,
Attorney General of the United States of America

Respondent

———

Petition for Review of an Order
of the Board of Immigration Appeals
(No. A77-659-337)

———

Submitted Under Third Circuit LAR 34.1(a)
Date: May 13, 2005

Before: SLOVITER, FISHER and ALDISERT, Circuit Judges

(Filed:  May 16, 2005)

———

OPINION OF THE COURT

———

ALDISERT, <u>Circuit Judge</u>.

Petitioner Ding Ming Yang, a native and citizen of China, seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on February 27, 2004. The order affirmed the Immigration Judge's ("IJ's") adverse credibility finding and its decision to deny Yang's request for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252. We will deny the petition.

## I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

## II.

To establish that he or she is a refugee eligible for asylum, a petitioner must demonstrate an inability or unwillingness to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A)(2000). A petitioner for asylum bears the burden of supporting the claim through credible testimony. <u>Gao v. Ashcroft</u>, 299 F.3d 266, 272 (3d Cir. 2002). "The testimony of the applicant, if credible, may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 1208.13(a) (2004).

2

An adverse credibility finding should be supported by specific, cogent reasons for the disbelief in petitioner's testimony. Balasubramanrim v. INS, 143 F.3d 157, 161-162 (3d Cir. 1998). When the BIA discusses some of the IJ's adverse credibility findings and leaves others untouched, "the scope of the Court's review [] includes both the BIA's decision and the portion of the IJ's decision that was left unchallenged in front of the BIA." Douglas v. Ashcroft, 374 F.3d 230, 234 (3d Cir. 2004). We review an adverse credibility finding under the substantial evidence standard, meaning that we will uphold findings "to the extent that they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Balasubramanrim, 143 F.3d at 161 (quoting INS v. Elias-Zacarias, 502 U.S. 478 (1992)). The BIA will not be reversed merely because the Court disagrees with the BIA's evaluation of the facts, but will be affirmed if the BIA's conclusion is substantially reasonable. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (citing El Moraghy v. Ashcroft, 331 F.3d 195, 202 (3d Cir. 2003)). Deference to an adverse credibility finding, however, "is not due where findings and conclusions are based on inferences or presumptions that are not reasonably grounded in the record." Id.

Here, we must determine whether the IJ, as affirmed by the BIA, erred in determining that the testimony of Yang was not credible. We will deny the petition for review.

The IJ's adverse credibility findings were based on a number of factors. The IJ

noted many contradictions between Yang's testimony and the affidavit submitted to the court. For example, Yang testified that his wife only saw the doctor who was involved with the IUD insertion once, while his statement says that she saw him twice. Yang testified that he was out farming when the birth control officials came to take his wife to have an abortion, while his statement claims that he was at home. In addition, although Yang stated that there was compulsory insertion of an IUD in his wife, there was no documentary evidence that an IUD was even inserted. The alleged abortion certificate did not mention an IUD.

The remaining points of contradiction concern the Falun Gong claim. Yang began practicing Falun Gong, which was illegal in China, to improve his physical condition. Yang testified that his neighbor reported his participation in the movement to the authorities. There was testimonial conflict over whether it was Yang, or his wife, who had a problem with the neighbor. At the hearing, Yang failed to adequately explain how his group of Falun Gong could publicly and confidently exercise weekly for two years in the village square, in full sight of everyone passing by, and evade notice of the local police. The IJ found Yang's explanation that the police did not patrol early in the morning when they exercised incredible. The BIA summarized:

> The respondent also claimed eligibility based on alleged
> practice of Falun Gong. The respondent's testimony, even if
> credible, does not reflect the experience of past persecution as
> a result of his practice of Falun Gong. Furthermore, the
> Immigration Judge considered the respondent's testimony
> that, since arriving in the United States, he has 'never again'

4

practiced Falun Gong whether with others or alone.

(Dec. of BIA at 2.)

Yang contends that the adverse credibility findings were based on inferences, presumptions not reasonably grounded in the record, speculation and conjecture. Yang attempts to explain all of the inconsistencies by pointing to more evidence in the record and reasonable explanations as to why Yang contradicted himself in certain instances. Because most of the IJ's findings were based on actual inconsistencies and implausibilities in the record supported by specific, cogent reasons, we conclude that there is substantial evidence to support the BIA's and IJ's adverse credibility findings.

\* \* \* \* \*

We have considered all arguments raised by the parties and conclude that no further discussion is necessary. We hold that substantial evidence supported the IJ's adverse credibility findings and the BIA's order.

The petition for review will be denied.