

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2005

# Hasko v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4205

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hasko v. Atty Gen USA" (2005). *2005 Decisions.* Paper 999.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/999

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 03-4205

————

SUZANA HASKO; ERION HASKO; KRESHNIK HASKO

Petitioners

v.

*ALBERTO GONZALES, Attorney General of the United States

Respondent

*Pursuant to F.R.A.P. 43(c)

————

Petition for Review of an Order
of the Board of Immigration Appeals
(No. A77 564 158)

————

Argued: February 17, 2005

Before: Sloviter, Ambro and Aldisert, Circuit Judges.

(Filed June 17, 2005)

Steven A. Mundie (Argued)
233 Broadway, Suite 3507
New York, NY 10279

    Attorney for Petitioner

Earle B. Wilson (Argued)
Stephen J. Flynn
United States Department of Justice
Office of Immigration Litigation
Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

Attorneys for Respondent

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge

Petitioners Suzana Hasko, Erion Hasko and Kreshnik Hasko, all natives and citizens of Albania, seek review of a final order of removal issued by the Board of Immigration Appeals ("BIA" or "Board") on September 26, 2003. The lead petitioner is Suzana Hasko ("Ms. Hasko").[1] We must decide whether substantial evidence supports the Board's determination that: (1) Ms. Hasko lacked credibility in regard to the essential underpinnings of her asylum claim; and (2) even if her testimony was credible, the alleged harm she suffered in Albania did not constitute "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). We have

---

[1]Ms. Hasko's two sons are riders on Ms. Hasko's request for asylum and withholding of removal. Their eligibility for asylum is therefore predicated on Ms. Hasko's claim.

jurisdiction to review the BIA's order under 8 U.S.C. § 1252. We will deny the petition for review.

I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

II.

For a petitioner to establish that she is a refugee eligible for asylum, she must demonstrate that she is unable or unwilling to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). A petitioner for asylum bears the burden of supporting her claim through credible testimony. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). An adverse credibility finding by the IJ should be supported by specific, cogent reasons for the disbelief in petitioner's testimony. Balasubramanrim v. INS, 143 F.3d 157, 161-162 (3d Cir. 1998).

We review the Board's factual determinations under the substantial evidence standard, meaning that we will uphold findings "to the extent that they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir. 1998) (quoting INS v. Elias-

3

Zacarias, 502 U.S. 478 (1992)) When the BIA accepts some of an IJ's adverse credibility findings and rejects others "the scope of the Court's review [] includes both the BIA's decision and the portion of the IJ's decision that was left unchallenged in front of the BIA." Douglas v. Ashcroft, 374 F.3d 230, 234 (3d Cir. 2004).

Here, there is substantial evidence to support the Board's adverse credibility finding. The Immigration Judge ("IJ") found Ms. Hasko not credible because of a number of factors. On appeal the Board stated:

> [w]hile we do not agree with the whole of the Immigration Judge's opinion, particularly with the Immigration Judge's speculative conclusions about the 'implausibility' of attackers driving the respondent home or that the respondent would have been unable to travel alone internationally if she were truly traumatized by a rape – we nevertheless agree with the Immigration Judge that overall, the respondent lacks credibility.

(Board op. at 2.)

The Board found Ms. Hasko incredible for several reasons. First, she testified that she knew the men who raped her were "socialist" political opponents because they made threatening phone calls to her yet she did not report these threatening calls in her written application or during her direct testimony. (Board op. at 2.) Second, the Board noted other inconsistencies or implausibilities in Ms. Hasko's testimony. For example, Ms. Hasko testified that her doctor reported her rape but she provides no testimony as to why the police did not act on that report. (Board op. at 2.) The IJ noted inconsistencies regarding the date of the rape and whether Ms. Hasko was threatened with an arrest in 1991. (IJ op. at 7-8, 10-11.) Third, the Board recognized an inconsistency as to what happened during

4

the 1991 demonstration. In her written application, Ms. Hasko states that her life was threatened by the police, but she does not mention this important fact in her oral testimony. (Board op. at 2.)

Finally, the Board noted that none of Ms. Hasko's testimony was corroborated by independent documentary evidence. (Id.) Ms. Hasko contends that the IJ did not consider the affidavits proffered by her or accord them any weight because they were not certified in accordance with 8 C.F.R. § 1287.6. These affidavits were not actually discounted under 8 C.F.R. § 1287.6 because this section only pertains to "official records." These documents were part of "Group Exhibit 7." Even if the BIA or IJ erred in not considering these three affidavits, the result of this case is not affected because the letters do not resolve any of the inconsistencies in Ms. Hasko's report. See Giu Cun Liu v. Ashcroft, 372 F.3d 529, 533 (3d Cir. 2004) (concluding that the certification rule is not an "absolute rule of exclusion, and is not the exclusive means of authenticating records before an immigration judge"). They merely confirm the fact that Ms. Hasko participated in a political demonstration and was subsequently arrested. They do not speak to whether she was raped by members of the Socialist regime or by private lawless individuals.[2]

The State Department's Country Report on Human Rights Practices for Albania,

---

[2]The first statement is from Mark Kola who confirmed that Ms. Hasko participated in the funeral demonstration of Azen Hajdari and was arrested on September 16, 1998. The second statement is from Arben Myftari, Ms. Hasko's former neighbor, who corroborates her claim that she was arrested by police on September 16, 1998. The third statement by Luljeta Veizi, another neighbor, does the same.

February 2001 and the Profile of Asylum Claims and Country Conditions, February 1996 also contradict Ms. Hasko's testimony. There is no indication that a low level member of the Democratic Party would be politically targeted based on her attendance at sporadic demonstrations or that sexual assaults are used for political purposes. See Zubeda v. Ashcroft, 333 F.3d 463, 477-478 (3d. Cir. 2003) ("Country reports . . . are the most appropriate and perhaps the best resource for information on political situations in foreign nations."). Moreover, the United States Consul based in Tirana, Albania, opined that Ms. Hasko's claim that she was targeted for sexual abuse because of her participation in the Democratic Party was not "credible at all."

There is substantial evidence in the record to support the adverse credibility findings of the BIA and IJ.

### III.

Even if Ms. Hasko's testimony was credible, the alleged harm she suffered in Albania did not constitute "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). A petitioner is not eligible for asylum if the injuries and adverse incidents she sustained were caused by private, lawless individuals. See Matter of Kasigna, 21 I&N Dec. 357, 365 (BIA 1996) ("While a number of descriptions of persecution have been formulated in our past decisions, we have recognized that persecution can consist of the infliction of harm or suffering by a

government . . . .").

Even if the alleged rape, mistreatment and telephonic threats were true, Ms. Hasko did not prove anything but lawless private conduct. The Board did not accept Ms. Hasko's contention that she was raped by political opponents because of her involvement with the Democratic Party in Albania. (Board op. at 4.) Ms. Hasko never identified these attackers in any way except to say that she knew they were "socialists" because they had been making telephonic threats. She did not mention these threatening calls in her written application or during her direct testimony.

\* \* \* \* \*

We have considered all contentions present by the parties and conclude that no further discussion is necessary. Substantial evidence supports the IJ and Board's adverse credibility findings. Even if Ms. Hasko's testimony was credible, the alleged harm she suffered in Albania did not constitute "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000)

The petition for review will be denied.

AMBRO, *Circuit Judge*, Concurring.

I agree that Hasko's petition for review must be denied as there is substantial evidence to support the Board of Immigration Appeals' ("BIA") adverse credibility determination. However, I write to comment on aspects of the Immigration Judge's ("IJ") opinion (which the BIA cut back) that I found disconcerting.

The IJ based part of his adverse credibility ruling on the fact that Hasko said her rapists drove her home. While this is not what we would expect to hear, that is not the issue. The issue is whether Hasko is making up her story. If Hasko were lying but wanted to be believed, and could make up any story she wanted, why would she have chosen an uncommon, unexpected story, *i.e.*, that her rapists drove her home?

In addition, it "made absolutely no sense" to the IJ that Hasko "would leave the protection of her husband and journey outside the protection of her home." The IJ "d[id] not believe" that Hasko would be able to take an arduous international trip if she were truly traumatized by a rape. This is little more than bad human speculation, *i.e.*, guessing without evidentiary support in the record.

Finally, the IJ wrote that it was "not credible that the respondent would not try to have her attackers arrested again based on the severity of their attack and would not at

least attempt to report the event to the police." However, Hasko gave two plausible explanations for not reporting the rape: (1) that the police would "never find who did this," any hearing concerning her case would be "fake," and "people were not getting their rights"; and (2) that her abductors told her they would kidnap her children if she went to the police. Moreover, it is common knowledge that when women are raped they often do not report it. They may be ashamed or fear reprisals from their attackers, having their own character put on trial, or being forced to relive the incident. *See, e.g.*, *Wood v. Alaska*, 957 F.2d 1544, 1552 (9th Cir. 1992); *United States v. Wiley*, 492 F.2d 547, 553 (D.C. Cir. 1973) ("One said to be a victim of rape may be stigmatized by society, there may be humiliating publicity, and the necessity of facing the insinuations of defense counsel may be a deterrent. . . . One result of all of these obstacles is that rape is one of the most under-reported of all crimes." (footnotes omitted)).[3]

Put simply, when an IJ makes a credibility ruling, he or she should base it not on personal speculation, but rather on objective reason and evidence in the record.

---

[3]As a general matter, presumably an IJ will often be able to find in the case history of a *credible* alien the kind of inconsistencies, omissions, mistakes, and/or suspicious statements that the IJ found in Hasko's case, especially one who is (1) non-English speaking, (2) potentially suffering from post-traumatic stress disorder from being raped, and (3) an overwhelmed single mother in a new country.