

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2005

# Chambers v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1970

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Chambers v. Atty Gen USA" (2005). *2005 Decisions.* Paper 449.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/449

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1970

MICHELLE CHAMBERS,
Petitioner

v.

Attorney General of the United States,
Respondent

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A35-501-023

Submitted Under Third Circuit LAR 34.1(a)
September 16, 2005

Before: SLOVITER, BARRY, and SMITH, <u>Circuit Judges</u>

(Filed: October 6, 2005 )

OPINION

BARRY, <u>Circuit Judge</u>

Michelle Chambers, a citizen of Jamaica, seeks review of a Board of Immigration

Appeals ("BIA") determination that she is subject to removal under the Immigration and

Naturalization Act ("INA") § 237 (a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. Because we write primarily for the parties in this matter, we will dispense with a full recitation of the facts and limit our discussion only to those facts necessary to reach our decision.

In February 2001, Chambers was convicted of multiple controlled substance violations. Four months later, the Department of Homeland Security ("DHS") charged Chambers with being subject to removal under INA § 237 (a)(2)(B)(i) and (a)(2)(A)(iii) as an alien convicted of a controlled substance violation and an aggravated felony, respectively. 8 U.S.C. §§ 1227(a)(2)(B)(i), (a)(2)(A)(iii) (2000). Chambers conceded that she was an alien and had been convicted of a controlled substance violation, but challenged removal on the ground that her offense did not constitute an aggravated felony. The Immigration Judge ("IJ") found that Chambers was subject to removal for a controlled substance violation but nonetheless granted her application for cancellation of removal. In an earlier decision, the IJ also found that DHS failed to establish that Chambers' conviction for possession with the intent to deliver a controlled substance was an aggravated felony for purposes of § 237(a)(2)(A)(iii), and that she was, therefore, not subject to removal on that ground. DHS appealed both findings to the BIA. The BIA sustained the appeal, determining that Chambers was convicted of a drug trafficking crime which was an aggravated felony, and, thus, that she was ineligible for cancellation of removal. In this appeal, Chambers challenges that determination. She did not and

2

does not now challenge the IJ's finding that she is subject to removal as a controlled substance violator.

Under 8 U.S.C. § 1252(a)(2)(C), where no constitutional claim or question of law has been raised, we lack jurisdiction to review "any final order of removal against an alien who is removable" because of a conviction for a controlled substance violation. Moreover, in *Douglas v. Ashcroft*, 374 F.3d 230 (3d Cir. 2004), we held that we lack jurisdiction to review "one of two alternative reasons supporting a final order of removal when the other reason, which is not challenged by the petitioning party, deprives us of jurisdiction to review the same order of removal." *Id*. at 235. Thus, in *Douglas* we determined that we lacked jurisdiction to consider petitioner's challenge to the BIA's conclusion that he was removable as an alien convicted of an aggravated felony because "the BIA's order of removal stands on the independent basis of [petitioner's substance abuse conviction] which is not subject to judicial review under the INA." *Id.* Similarly, we lack jurisdiction to review the BIA's determination that Chambers is subject to removal as an alien convicted of an aggravated felony because her conviction for a controlled substance violation constitutes an alternative and unchallenged ground for removal that deprives us of jurisdiction to review the order of removal.

Because we lack jurisdiction to review the BIA's order of removal, we will grant respondent's motion to dismiss the petition for review for lack of jurisdiction. The stay of removal will be vacated.