

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2009

# Zheng v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2375

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Zheng v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1341.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1341

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2375
_____

XIAO QING ZHENG,
                                        Petitioner
                        v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A97 959 073
Immigration Judge: Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2009

Before: SLOVITER, STAPLETON and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 21, 2009)
_____

OPINION
_____

PER CURIAM

        Xiao Qing Zheng petitions for review of an order of the Board of Immigration Appeals

(BIA), which dismissed his appeal of an Immigration Judge's (IJ's) final removal order.  We

will deny the petition for review.

        Xiao Qing Zheng entered the United States without proper documentation.  Zheng

conceded removability, but sought asylum and related relief,[1] based on his fear of persecution as a Falun Gong practitioner. Zheng testified that he worked at a bookstore where Falun Gong materials were sold. The police came and thought that Zheng was attempting to escape, so they beat him. After a hearing, an IJ found that Zheng was not credible, and alternatively, found that Zheng had not established that any persecution he had experienced was on account of a statutorily-protected ground.[2]

Zheng filed a notice of appeal which stated the reason for the appeal, in full, as follows:

The Honorable Immigration Judge erred in denying Respondent's applications for political asylum, withholding of removal, and withholding under the CAT. The Respondent respectfully reserves the right to adduce additional arguments on appeal.

A.R. 18. Zheng's brief to the BIA reiterated Zheng's story about having been beaten by the police in China, set forth the applicable law, and then stated, in part, "If Respondent practiced Falun Gong in China, as he testified he did, or if he attempted to practice it upon returning to China, he would face a substantial likelihood of persecution." A.R. 10. He also argued that he should not be forced to hide his Falun Gong activities in China. A.R. 10-11. The brief did not contain any argument regarding the IJ's adverse credibility finding.

The BIA adopted and affirmed the IJ's decision. The BIA noted that Zheng had not contested the IJ's adverse credibility finding, and thus found the argument waived. Zheng filed

---

[1] Zheng's brief does not challenge the denial of withholding of removal or withholding under the Convention Against Torture (CAT). As he has waived review of those forms of relief, we do not discuss them further. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

[2] The IJ noted that the police had no reason to believe that Zheng was a Falun Gong practitioner and did not state that they were seeking to arrest him on that basis. A.R. 33.

2

a timely, counseled petition for review.

A petitioner must "raise and exhaust his . . . remedies as to each claim or ground for relief if he . . . is to preserve the right of judicial review of that claim." Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003); 8 U.S.C. § 1252(d)(1) (court may review final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right"). As noted above, Zheng made no argument in his brief to the BIA challenging the adverse credibility finding; nor did he raise the issue in his notice of appeal to the BIA. Cf. Hoxha v. Holder, 559 F.3d 157, 163 (3d Cir. 2009) (finding issue exhausted where alien had clearly identified issue in his notice of appeal to BIA).

Zheng's failure to exhaust his administrative remedies concerning the adverse credibility finding bars our review of this claim. Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005). We will therefore deny the petition for review.[3]

_____

[3] We further lack jurisdiction to consider the IJ's alternative holding that Zheng failed to establish a nexus to a protected ground. Because we cannot review the adverse credibility finding, even if we were to reject the alternative holding, Zheng would remain removable on the basis of the adverse credibility finding. Douglas v. Ashcroft, 374 F.3d 230, 235 (3d Cir. 2004). In any event, we would find the issue waived, as Zheng has not made any argument regarding the alternative holding in his brief before this Court. Chen, 381 F.3d at 235.

3