

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2006

# Obi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2579

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Obi v. Atty Gen USA" (2006). *2006 Decisions.* Paper 275.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/275

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2579
_____

GEORGE CHUKWUEMEKA OBI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A76 969 828)
Immigration Judge:  Walter A. Durling
_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2006

Before:  FISHER, ALDISERT and WEIS, CIRCUIT JUDGES.

(Filed October 30, 2006)
_____

OPINION
_____

PER CURIAM

George Chukwuemeka Obi petitions for review of a final order of the Board of

Immigration Appeals (BIA).  We will deny the petition for review.

## I.

Obi, a citizen of Nigeria,[1] entered the United States without inspection sometime in 1997.  Two years later, he was charged with removability, which he conceded.  A.R. 336, 824; see INA § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)] (making inadmissible an alien who is present without admission).  In 2002, Obi was convicted in a federal court in Michigan of conspiracy and possession of heroin with intent to distribute.  A.R. 628; see also 21 U.S.C. §§ 841, 846.  Ultimately, after procedural machinations which are not here relevant, an immigration judge (IJ) found that Obi was removable under INA § 212(a)(2)(A)(i)(II) as an alien convicted of a controlled substance offense.  A.R. 58.  The BIA agreed.  A.R. 2-3.  Obi timely petitioned us for review.

## II.

Citing (i) principles of res judicata, (ii) what he views as an irregularity in the administrative caption, and (iii) the fact that the IJ did not conduct a new hearing before issuing his final order, Obi contends that his removal from the United States would be

---

[1]Although Obi conceded his Nigerian citizenship during removal proceedings, see A.R. 336, he has since argued that he obtained derivative United States citizenship by way of a visa petition filed on his behalf by his wife, a United States citizen.  See Informal Brief, 3 ¶ 3; A.R. 22, 291.  The record indicates that the wife's petition was unsuccessful.  A.R. 472.  In any event, even if it had been successfully completed, the visa petition would have conferred only permanent residency, not derivative citizenship, on Obi.  Compare INA § 245 [8 U.S.C. § 1255] (addressing adjustment of status) with INA § 320, et seq. [8 U.S.C. § 1431, et seq.] (addressing derivative citizenship).  Obi also points to a United States Marshals Service printout which indicated, incorrectly, that he was a citizen.  Informal Brief, 3 ¶ 3; A.R. 42, 48.  Scrivener's error on a form produced by a nonimmigration agency is insufficient to confer United States citizenship.

unlawful.  See Informal Brief, *passim*.  The Government contends that we lack jurisdiction to entertain Obi's arguments.  See Respondent's Brief, 5-8.  INA § 242(a)(2)(C) [8 U.S.C. § 1252(a)(2)(C)] withdraws our "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in" several listed sections, including INA § 212(a)(2) – the provision making inadmissible an alien convicted of a controlled substance offense.  There is no question that Obi's federal drug conviction constitutes a controlled substance offense.  See, e.g., Douglas v. Ashcroft, 374 F.3d 230, 236 (3d Cir. 2004).

Although INA § 242(a)(2)(C) withdraws our jurisdiction to entertain petitions for review from aliens like Obi, INA § 242(a)(2)(D) restores that jurisdiction to the extent that a petition presses "constitutional claims or questions of law."  See, e.g., Francois v. Gonzales, 448 F.3d 645, 648 (3d Cir. 2006).  Respondent recognizes this restoration of jurisdiction, but – disappointingly – he does not undertake any further analysis whatsoever.  See Respondent's Brief, 7.  He simply asserts that Obi has not raised any cognizable claims.  See id.  We cannot agree.  Obi's arguments, although not particularly good, constitute "pure questions of law" or "issues of application of law to fact, where the facts are undisputed," which the statute authorizes us to consider.  Kamara v. Atty. Gen'l, 420 F.3d 202, 211 (3d Cir. 2005) (internal citations and quotations omitted).  Accordingly, we turn to Obi's arguments.

3

III.

We may dispense quickly with Obi's arguments, which are frivolous. He contends, first, that principles of res judicata preclude his removal, apparently because, in July 2003, an IJ temporarily suspended the removal proceedings while Obi (unsuccessfully) appealed his federal conviction. See Petition for Review, 3 ¶ 7; Informal Brief, 3 ¶ 3. Despite Obi's arguments, this suspension was not a complete termination of the removal proceedings, and nothing about the suspension precluded later completion of the administrative proceedings. See A.R. 141 (the IJ, explaining at that time that if Obi's appeal was unsuccessful, the proceedings would restart); Duvall v. Atty. Gen'l, 436 F.3d 382, 391 (3d Cir. 2006) (noting, in an agency case, that preclusion principles "generally appl[y] when the same issue was litigated by the same parties and *was actually decided*") (emphasis added).

Obi argues, as well, that the BIA's final removal order was void because some papers in the administrative record listed his surname as "*F-Obi" rather than Obi. See, e.g., Informal Brief, 4 ¶ 5. This argument is preposterous. All of the pertinent documents in the administrative record, including those marked "*F-Obi," clearly referred to Obi and included the correct agency number.[2] In any event, on both the IJ's and the BIA's final

---

[2]Indeed, although we need not rely on this thinking in our decision, it appears that the "*F-" designation was some kind of cue that Obi was detained.

4

orders, Obi's surname was correctly rendered. A.R. 2, 58. The orders do not somehow lack authority because of the agency's occasional use of the "*F-" designation.

Finally, Obi seems to contend that the IJ erred by issuing the final order outside his presence. See, e.g., Informal Brief, 1 ¶ 2. The IJ's final order was occasioned, however, by a remand from the BIA for preparation of a complete transcript of the removal proceedings. A.R. 81. On remand, the IJ explained that no part of the transcript was missing. Based on the hearings that had *already* been conducted, the IJ did, however, make some pertinent findings that had not yet been entered (such as whether Obi's federal conviction constituted a controlled substance offense). These findings were based entirely on proceedings at which Obi was able to present his views. See A.R. 59 (the IJ, responding to the arguments Obi made at a prior hearing). Accordingly, it cannot be said that Obi was unable to present his case. See, e.g., Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003) (holding that an alien may not be "prevented from reasonably presenting his case").

IV.

For the foregoing reasons, we will deny the petition for review. Obi's "Petitioner to Challenge Under Res Judicata Precluded Issues" is DENIED.