

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2007

# In Re: Obi

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4906

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Obi " (2007). *2007 Decisions*. Paper 1783.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1783

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-81 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4906

IN RE: GEORGE CHUKWUEMEKA OBI,
Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 06-325)

Submitted Under Rule 21, Fed. R. App. Pro.
December 21, 2006

Before: Barry, Ambro and Fisher, Circuit Judges.

(Filed January 10, 2007)

OPINION

PER CURIAM

George Chukwuemeka Obi asks that we issue a writ of mandamus directing the

District Court to dismiss a criminal indictment against him. We will deny Obi's petition.

On September 26, 2006, a grand jury indicted Obi, charging him with willfully

failing and refusing to apply for travel documents so that his deportation to Nigeria could

1

be effectuated. See 8 U.S.C. § 1253(a)(1)(B). Pending before us on that date was Obi's petition for review of the Immigration Judge's final order of removal. Approximately one month later, we denied Obi's petition for review. Obi v. Atty. Gen'l, C.A. No. 06-2579, slip op. at 5 (3d Cir. Oct. 30, 2006). Obi contends that the criminal indictment against him was unlawful because of the overlapping pendency in this court of the review of the administrative order. See Mandamus Petition, 2-3 (arguing that his case could only be before one court at a time).

Mandamus is an appropriate remedy only in the most extraordinary of situations. Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). To justify the remedy, a petitioner must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976)). Obi has not demonstrated a "clear and indisputable" right to mandamus relief.

Review of a final order of deportation is a civil proceeding, making it entirely separate from any criminal prosecution of an alien who fails to cooperate with deportation. See, e.g., INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984). We are aware of no precedent, and Obi points to none, prohibiting the issuance of an indictment while judicial review of separate administrative proceedings is conducted. Certainly, Obi has not demonstrated any "clear and indisputable" right that has been breached in the

2

District Court.

For the reasons given, we will deny the petition for a writ of mandamus.